IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ZOKAITES PROPERTIES, LP, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Civil Action No. 11-259 |
| v. | ) | Judge Nora Barry Fischer |
| | ) | |
| LA MESA RACING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

**I.      Introduction**

Presently before the Court is Plaintiff Zokaites Properties, LP's ("Plaintiff") Motion for Sanctions in the Nature of Default (Docket No. [19]) against Defendant La Mesa Racing, LLC ("Defendant"). This motion stems from a dispute regarding whether service was proper on Defendant's registered agent. Specifically, Plaintiff alleges that it effectuated service on October 25, 2010 by serving Defendant through its registered agent, Butch Maki ("Maki"), with a copy of the Summons and Complaint by priority mail, certified mail and return receipt to Maki's principal place of business, Maki & Associates, located at "1850 Old Pecos Trail, Suite J, Santa Fe, New Mexico 87505" as well as regular mail to Defendant's corporate address located at "118 San West Mateo Street, Santa Fe, New Mexico 87505."[1] (Docket No. 11 at 113-17). Defendant argues that service was not proper because the return receipt was not signed by Maki but rather

---

[1] Plaintiff states that the address listed on the Department of Corporation's website, "118 San West Mateo Street, Santa Fe, New Mexico 87505," is Maki's home address. (Docket No. 13 at 2).

1

by "J. Flowers" ("Flowers"), Maki's office manager and executive assistant. (Docket No. 14 at 4).[2]

On March 22, 2011, the Court held a hearing on Plaintiff's Motion to Remand. (Docket No. 13). At said hearing, counsel for Plaintiff requested leave to take the depositions of Maki and Flowers in order to meet its burden to remand this matter to state court. (Docket No. 26 at 38). Upon consideration of Plaintiff's request for leave to take the depositions of Maki and Flowers, the Court issued an Order instructing Plaintiff to take said depositions by April 5, 2011. (Docket No. 13). The parties did not comply with the Court's Order and the depositions of Maki and Flowers were never taken. Plaintiff alleges that Defendant is obstructing justice through counsel and is intentionally causing delay by asserting scheduling conflicts with the depositions which had been scheduled for April 8, 2011; three days after the deadline imposed in the Court's Order. (Docket No. 19 at 4).

Upon consideration of Plaintiff's Motion for Sanctions (Docket No. 19); the Supplement to Plaintiff's Motion for Sanctions (Docket No. 20); Defendant's Response in Opposition (Docket No. 27); oral argument thereon, and for the reasons discussed herein, Plaintiff's Motion for Sanctions (Docket No. 19) is DENIED.

## II. Facts Relevant to Plaintiff's Motion for Sanctions

Plaintiff scheduled the depositions of Maki and Flowers for April 8, 2011. (Docket No.

---

[2] Defendant included an affidavit of Maki in its Appendix in support of its Notice of Removal. (Docket No. 8 at 140). In the affidavit, Maki states that he received some documents addressed to him as the registered agent for La Mesa Racing, LLC but that he received the documents many months after he had advised Defendant that he had resigned as its registered agent. *Id*. Maki asserts that he did not believe he was the registered agent for Defendant when he received the documents. *Id*. Moreover, Maki contends that he was not aware that Steven Vincent ("Vincent") had become sole owner of Defendant and that he never contacted Vincent about the documents he received. *Id*. at 141.

19 at 4). Given that there is a separate lawsuit in New Mexico which involves similar parties and issues, the depositions were scheduled to take place in New Mexico and to be cross-referenced in this case. (Docket No. 19 at 5). Prior to the scheduling of the depositions, the parties clearly did not confer regarding the date, time and place of the depositions.

On March 25, 2011, attorney Julia Armstrong, Esquire ("Armstrong"), Plaintiff's attorney in New Mexico, sent copies of the subpoenas and deposition notices for Maki and Flowers to attorney Bryan Biedscheid, Esquire ("Biedscheid"), Defendant's attorney in New Mexico. (Docket No. 19-2 at 1-13). However, the notices of depositions do not reference this Court's order; nor do they reference the case caption in this matter in the Western District of Pennsylvania. *Id*. That same day, Armstrong received an email from Biedsheid's paralegal stating that Biedscheid had a trial scheduled for April 11, 2011; that he cannot attend the April 8, 2011 depositions; and that he would not be available until after April 19, 2011. (Docket No. 19-2 at 14). Biedscheid declined to send another member of his firm to defend the deposition or to defend the deposition by way of telephone. *Id*. The email also provided that Biedscheid would cooperate with Armstrong in good faith in scheduling a mutually agreeable date after April 19, 2011. *Id*.

Plaintiff has included with its Supplement to its Motion for Sanctions an affidavit of Armstrong. (Docket No. 20-1). Armstrong states that it was her intention that the depositions be used both in the New Mexico case and in this case. *Id*. at 1. Next, Armstrong claims that she interacted with Maki in person at the Taos County Democratic Convention and that he informed her that he would not appear for his deposition and that his attorney would file a motion for a protective order. (Docket No. 20-1 at 2). On March 29, 2011, Biedscheid spoke to Armstrong and informed her that he would be available after April 19, 2011 and that no other attorney in his

office could prepare for the depositions without substantial cost. *Id*.

The following day, Biedscheid filed a Motion for Protective Order and Notice of Non-Appearance in New Mexico.[3] (Docket No. 20-1 at 5). Biedscheid stated in his motion that Plaintiff did not confer in good faith regarding the date, time and place of each deposition to be taken. *Id*. In addition, Biedscheid argued that Defendant's interests would be prejudiced if the depositions occurred without Biedscheid defending same. *Id*. at 6.

On March 28, 2011, local counsel for Plaintiff, Jeffrey Hulton ("Hulton"), sent local counsel for Defendant, James Walker ("Walker"), an email informing him of the scheduling conflict in New Mexico and suggested that Biedscheid could send another attorney from his firm to defend the deposition or to appear by way of telephone. (Docket No. 19-2 at 15). Hulton's email requested a response from Walker later that day. *Id*. Later that day, Walker did not respond to Hulton's email but instead filed a notice of appeal of Judge O'Reilly's order to the Superior Court of Pennsylvania.[4] (Docket No. 19-2 at 16).

---

[3] Eighth Judicial District Court, State of New Mexico, County of Colfax. (Docket No. 20-1 at 5).

[4] Defendant contends that Judge O'Reilly's order was ineffective and is a legal nullity because the jurisdiction of the state court was divested upon Defendant filing the Notice of Removal on February 25, 2011. (Docket No. 25 at 2) (citing *In re Diet Drugs*, 282 F.3d 220, 232 (3d Cir. 2002)). Similarly, Defendant asserts that its Notice of Appeal is a legal nullity but that it was filed as a precautionary measure in the event that this matter is remanded to state court. *Id*. Indeed, Defendant does not intend to litigate in state court unless this Court grants Plaintiff's Motion to Remand. *Id*.

On April 14, 2011, Defendant filed a motion in Pennsylvania Superior Court seeking an Order that confirms that the state courts no longer have jurisdiction over this matter and that the appeal should be dismissed. (Docket No. 28-1). On April 22, 2011, Plaintiff filed a motion for the Court to take judicial notice of the Superior Court's Order denying Defendant's motion. (Docket No. 30). The Superior Court's Order provides that:

Walker has also submitted an undated email he wrote to Hulton regarding the Maki and Flowers depositions. (Docket No. 25-2). Although Walker's email is undated, Hulton's reply indicates that Walker sent said email on March 31, 2011. (Docket No. 27 at 2). By way of email, Walker insisted that he called Hulton twice but that Hulton would not return any calls. (Docket No. 25-2). Also, Walker provided that he would work cooperatively with Hulton in promptly scheduling the depositions of Maki and Flowers but that he was similarly unavailable on April 8, 2011 because of another commitment. *Id*. Hulton provides that he responded by email to Walker's email on April 4, 2011, but the Court notes that a copy of Hulton's email is not included in Plaintiff's filings.[5] (Docket No. 27 at 2). Hence, there is no indication whether Walker did or did not cooperate to schedule the depositions of Maki and Flowers since his email to Hulton wherein he indicated that would cooperate.[6] (Docket No. 25-2). There clearly was no telephonic communication between counsel to resolve these scheduling issues prior to filing this motion and there was no request for a telephonic conference with the Court to address same.

On April 5, 2011, David Garcia ("Garcia"), attorney for Maki and Flowers, filed a

---

> Upon consideration of appellant La Mesa's April 14, 2011 "application for relief in the form of an order confirming lack of jurisdiction over a removed case," the application is DENIED WITHOUT PREJUDICE to appellant's right to argue the instant issue – along with all other issues appellant desires to raise on appeal – in appellant's brief.

(Docket No. 30-1 at 2).

[5] In its reply, Plaintiff states that he has attached the April 4, 2011 email as "Exhibit A" but this email is not attached to the document. (Docket No. 27 at 2).

[6] At oral argument for Plaintiff's Motion for Sanctions (Docket No. 19) on April 15, 2011, Walker reiterated his position that he would cooperate in the scheduling of the depositions of Maki and Flowers. (Docket No. 29).

Motion for Entry of Protective Order in New Mexico. (Docket No. 25-1 at 2). Garcia writes that he and Maki had a scheduling conflict with the date Plaintiff selected for the depositions of Maki and Flowers. *Id*. Like Biedscheid, Garcia provided in his motion that Plaintiff did not confer regarding the date, time and place selected for the deposition. *Id*. at 3. That same day, Garcia filed a notice that Maki and Flowers would not appear for the depositions on April 8, 2011. (Docket No. 25-1 at 5). Indeed, as the subpoenas for Maki and Flowers provide, a party or an attorney responsible for the issuance and service of a subpoena has the duty to confer with the person subject to the subpoena to avoid imposing undue burden or expense. (Docket No. 19-2 at 6, 11). Clearly no such conferral occurred prior to the scheduling of the depositions.[7]

Upon this backdrop, Plaintiff maintains that Defendant is attempting to delay the depositions in bad faith and is obstructing justice by stalling the resolution of this matter. (Docket No. 19 at 7-8).

### III. Procedural History Relevant to Plaintiff's Motion for Sanctions

On March 30, 2011, Plaintiff filed a Motion for Sanctions in the Nature of a Default. (Docket No. 19). The next day, Plaintiff filed a Supplement to its Motion for Sanctions in the Nature of a Default. (Docket No. 20). Defendant filed its Response in Opposition to Plaintiff's motion on April 7, 2011. (Docket No. 25). On April 14, 2011, Plaintiff filed its Reply to Defendant's Response in Opposition. (Docket No. 27). The Court heard argument on Plaintiff's Motion for Sanctions (Docket No. 19) on April 15, 2011.

---

[7] Likewise, pursuant to Local Rule 16.1(B)(5), before filing a motion of this nature, counsel shall confer with all other counsel in effort to reach agreement. W.D. PA. LOC. CIV. R. 16.1(B)(5). If no agreement is reached, the moving party shall attach a certificate of conferral. *Id*.

## IV. Legal Standard

The Court now turns to the appropriate standard by which to judge the conduct of the parties and attorneys. The Court notes that neither party has provided a legal standard in regard to Plaintiff's Motion for Sanctions. It appears to the Court that either 28 U.S.C. § 1927 or Federal Rule of Civil Procedure 37(b)(2) apply.

"The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 134 (3d Cir. 2009) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 542-43 (3d Cir. 2007)).

Pursuant to 28 U.S.C. § 1927, sanctions may be imposed when:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The statute thus limits attorney sanctions imposed to those situations where an attorney has: "(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." *In re Beers*, 399 F.App'x. 748, 749 (3d Cir. 2010) (quoting *LaSalle Nat'l Bank v. First Connecticut Holding Group*, 287 F.3d 279, 288 (3d Cir. 2002)).

Sanctions may not be imposed under § 1927 "absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." *LaSalle Nat'l Bank*, 287 F.3d at 288 (quoting *Zuk v.East Pennsylvania Psych. Inst*., 103 F.3d 294, 297 (3d Cir. 1996)). The bad faith requirement is necessary to avoid chilling an attorney's legitimate ethical obligation to represent his client zealously. *Id.* (citing *Ford v. Temple Hosp.*,

790 F.2d 342, 347 (3d Cir. 1986)). Sanctions are intended to deter an attorney from intentionally and unnecessarily delaying judicial proceedings, and they are limited to the costs that result from such delay. *Id.* (citing *Zuk,* 103 F.3d at 297). Therefore, "courts should exercise this sanctioning power only in instances of a serious and studied disregard for the orderly process of justice." *Id*. (quoting *Ford*, 790 F.2d at 347).

In addition, Federal Rule of Civil Procedure 37(b)(2) provides, in pertinent part, that:

> (A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> \* \* \* \* \*
>
> (vi) rendering a default judgment against the disobedient party

FED. R. CIV. P. 37(b)(2). Indeed, "a party failing to obey discovery orders in either type of proceeding is subject to a variety of sanctions, including the entry of default." *Federal Maritime Com'n v. South Carolina State Ports Authority*, 535 U.S. 743 (2002). However, the dismissal of an action with prejudice or the entry of a judgment by default are drastic remedies, and should be applied only in extreme circumstances. *Independent Productions Corporation v. Loew's Inc.*, 283 F.2d 730, 733 (2d Cir. 1960).

V. **Discussion**

In its Motion for Sanctions (Docket No. 19), Plaintiff largely re-summarizes its argument in furtherance of its Motion for Remand. (Docket No. 13). Specifically, Plaintiff states that: (1) Defendant has waived its right to file a notice of removal; (2) Defendant had actual notice of this lawsuit; and (3) Judge O'Reilly's order upholding service constitutes *res judicata*. (Docket No. 19 at 8-11). In response, Defendant argues that Plaintiff's entire motion is simply repetition of

8

its Motion for Remand. (Docket No. 25 at 1). Regardless, Plaintiff's continued argument in support of its Motion for Remand (Docket No. 13) does nothing to support its Motion for Sanctions. (Docket No. 19).

As the removing party, Defendant had "the burden to establish the propriety of removal and all doubts must be resolved in favor of remand." *LaCaffinie v. The Standard Fire Ins. Co.*, Civ. A. No. 10-207, 2010 U.S. Dist. LEXIS 53151 at *2 (W.D.Pa. May 28, 2010) (citing *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990)). Once the case was removed, Plaintiff, as the party seeking remand, bears the burden of demonstrating that removal was not proper. *Morgan v. Gray*, 471 F.3d 469 (3d Cir. 2006). To that end, the Court granted Plaintiff's request for leave to take the depositions of Maki and Flowers. (Docket No. 18). However, counsel did not confer to schedule said depositions.[8] Plaintiff now argues that Defendant is obstructing justice through counsel and is intentionally causing delay by asserting scheduling conflicts with the depositions which had been scheduled for April 8, 2011; three days after the deadline imposed in the Court's Order. (Docket No. 19 at 7). In addition, Plaintiff argues that Defendant's position is both frivolous and in bad faith because Biedscheid and Garcia could have had another attorney defend the depositions of Maki and Flowers or they could have attended the depositions by telephone. *Id*. Defendant generally argues that there was no bad faith on its part and that it will continue to attempt to work cooperatively with Plaintiff's counsel to schedule these depositions. (Docket No. 25 at 3). Interestingly, Plaintiff now maintains that taking the

---

[8] As previously noted, pursuant to Local Rule 16.1(B)(5), before filing a motion of this nature, counsel shall confer with all other counsel in an effort to reach agreement. W.D. PA. LOC. CIV. R. 16.1(B)(5). If no agreement is reached, the moving party shall attach a certificate of conferral. *Id*. Likewise, prior to a case management conference, the parties are required to confer and file a written report required by Federal Rule of Civil Procedure 26(f). W.D. PA. LOC. CIV. R. 16.1(A)(2).

depositions of Maki and Flowers is unnecessary based upon the case cited by the Court at the conclusion of the remand hearing, specifically, *Commonwealth v. One 1991 Cadillac Seville*, 853 A.2d 1093 (Pa. Cmwlth. 2004) which Plaintiff argues supports its assertion that Flowers was Maki's authorized agent. (Docket No. 27 at 3).

In addressing Plaintiff's motion, the Court first notes that Armstrong's notices of depositions for Maki and Flowers are flawed. First, the notices do not reference this Court's order; nor do they reference the case caption in this matter in the Western District of Pennsylvania. (Docket No. 19-2 at 1-13). They should have been properly dual noticed. Second, Armstrong clearly did not make a good faith effort to avoid conflicts in scheduling the time, date and place of the Maki and Flowers depositions. Pursuant to New Mexico Rule of Civil Procedure 1-030(A), after commencement of an action:

> any party may take the testimony of any person, including a party, by deposition upon oral examination. The parties shall confer in good faith regarding the date, time and place of each deposition to be taken. A party serving a notice of deposition shall make a good faith effort to avoid scheduling conflicts of parties, witnesses and counsel.

NMRCP 1-030(A). In addition, New Mexico Rule of Civil Procedure 1-045(C)(1) provides that: "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." NMRCP 1-045(C)(1).

On March 29, 2011, Biedscheid spoke to Armstrong and informed her that he would be available after April 19, 2011 and that no other attorney in his office could prepare for the depositions without substantial cost. (Docket No. 20-1 at 2). Moreover, Biedscheid provided that Defendant's interests will not be prejudiced if he is able to participate in the depositions when he is available after April 19, 2011. (Docket No. 20-1 at 6). Both Biedscheid and Garcia

stated in their motions for protective orders and notices of non-appearance in New Mexico that Plaintiff did not confer in good faith regarding the date, time and place of each deposition to be taken. (Docket No. 20-1 at 5); (Docket No. 25-1 at 2). Further, although Plaintiff argues that other attorneys from Biedscheid's and Garcia's offices could have defended the depositions of Maki and Flowers, witnesses have the right to legal representation of their choosing. *In re Grand Jury Empaneled April 24, 2008*, 601 F.Supp.2d 600, 604 (D.N.J. Dec. 15, 2008). Thus, it appears that Biedscheid and Garcia responded in a proper manner because Armstrong violated the New Mexico Rules of Civil Procedure. The Court is not persuaded that the scheduling conflicts of Biedscheid and Garcia and the following delay in taking the depositions of Maki and Flowers warrant any sanction by this Court. *See In re Beers*, 399 F.App'x. at 749.

Next, it is evident to the Court from Plaintiff's motion, all related filings and from counsel's argument to the Court on April 15, 2011 that local counsel failed to meet and confer prior to the filing of Plaintiff's Motion for Sanctions. (Docket No. 19). Federal Rule of Civil Procedure 37 clearly states that Plaintiff's motion should include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). However, no such certificate of conferral was attached to any of the parties' filings.

Similarly, counsel clearly did not confer to schedule the depositions of Maki and Flowers by April 5, 2011 in violation of this Court's Order. (Docket No. 18). Both parties are in violation of Federal Rule of Civil Procedure 37(b)(2) by failing to obey the Court's Order and as a consequence they could be subjected to a variety of sanctions, including the entry of default. *Federal Maritime Com'n*, 535 U.S. 743. In addition, to the extent that the schedules of either witness or counsel interfered, neither counsel sought an enlargement of time of this Court's

11

Order. Instead, both parties and their counsel continue to needlessly burden this Court's docket with motions practice that flies in the face of professionalism and civility. Thus, the parties shall bear their own attorney's fees and costs for proceeding in this regard.

This dispute stems from a lack of communication between the attorneys and the Court does not find the necessary bad faith required on the part of Defendant to warrant sanctions at this time. *See Beers*, 399 F.App'x. 748, 749 (3d Cir. 2010). However, if the parties continue to violate Court Orders and the Federal Rules of Civil Procedure, they will be potentially liable for sanctions pursuant to 28 U.S.C. § 1927 and beyond. Moreover, *ad hominem* attacks between the attorneys will not be tolerated. In regard to future proceedings and filings, the parties must: (1) meet and confer; (2) follow the Orders of this Court; (3) properly cross-reference all relevant proceedings in New Mexico; and (4) follow the rules of professionalism.

## VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions in the Nature of Default (Docket No. [19]) is DENIED.

IT IS FURTHER ORDERED that the parties through counsel shall meet and confer to the extent that Plaintiff still wishes to take the depositions of Maki and Flowers. If Plaintiff does not wish to depose Maki or Flowers, Plaintiff shall inform the Court in writing on or before May 26, 2011. If Plaintiff intends to take the depositions of Maki and Flowers, said depositions with proper notices shall be completed by June 1, 2011.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: April 27, 2011
cc/ecf: All counsel of record.