IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZOKAITES PROPERTIES, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 11-259 |
| v. | ) Judge Nora Barry Fischer |
| | ) |
| LA MESA RACING, LLC, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANUDM OPINION</u>**

### I. Introduction

This matter is before the Court to determine whether the instant action should be stayed in light of a pending bankruptcy proceeding and a pending appeal in a parallel state action. On May 2, 2011, the Court issued a rule upon the parties to show cause as to why this matter should not be stayed given the Superior Court of Pennsylvania's stay of Defendant's appeal of Judge O'Reilly's Order finding proper service[1] pursuant to the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362, and given the Court's discretion to stay a case to abide the outcome of another which may substantially affect it or be dispositive of the issues. (Docket No. [38]). On May 5, 2011, the Superior Court of Pennsylvania lifted its stay of Defendant's appeal upon receiving notice that the bankruptcy proceeding involving similar parties in the District of Maryland (the "Maryland Bankruptcy Court") had been dismissed. Although the Maryland Bankruptcy Court dismissed the bankruptcy proceeding on October 4, 2010, the

---

[1] Despite Defendant's decision to remove this case to federal court, on March 28, 2011 Defendant filed a "Precautionary Notice of Appeal" in the Superior Court of Pennsylvania in an effort to reserve its appeal rights in the event that this Court grants Plaintiff's Motion to Remand. *Zokaties Properties, LP v. La Mesa Racing, LLC*, Civil Case No. G.D. 10-018611 (Document No. 12).

1

parties each have subsequently submitted motions in that court and it has since scheduled a hearing to address same on June 14, 2011. Upon consideration of the pending appeal in the Superior Court of Pennsylvania, the pending motions in the Maryland Bankruptcy Court, as well as Plaintiff's Response and Supplemental Response to the Court's Order issuing a rule to show cause why this matter should not be stayed (Docket Nos. [39], [40]) and Defendant's Response to same (Docket No. [41]), IT IS HEREBY ORDERED that this matter is STAYED.

**II.     Relevant Background**

*A.     Maryland Bankruptcy Action*

On July 31, 2007, Defendant filed for bankruptcy relief in the United States Bankruptcy Court for the District of Maryland, Case Number 07-17069. The original petition was for a Chapter 7 proceeding but it was converted to a Chapter 11 proceeding by an Order of the Maryland Bankruptcy Court on August 20, 2007. Over three years later, the Court entered an Order dismissing the Chapter 11 case with a five-year bar to refiling and a notice that the automatic stay is terminated on October 4, 2010. (Maryland Bankruptcy Court Docket No. 374).

On March 2, 2011, Defendant filed a Motion to Reopen the bankruptcy case ("Motion to Reopen") to determine whether Plaintiff violated the automatic stay of 11 U.S.C. § 362 by filing the action in the Court of Common Pleas of Allegheny County (the "Pennsylvania Action") against Defendant prior to the Court's termination of the automatic stay on October 4, 2010. (Maryland Bankruptcy Court Docket No. 383). In turn, Plaintiff filed a Motion to Dismiss Defendant's Motion to Reopen the bankruptcy case ("Motion to Dismiss"). (Maryland Bankruptcy Court Docket No. 385). That same day, Plaintiff also filed a Motion to Strike Defendant's Motion to Reopen the bankruptcy case ("Motion to Strike"). (Maryland Bankruptcy Court Docket No. 386). Within said motions, Plaintiff argues that the Maryland Bankruptcy

Court orally dismissed the bankruptcy proceeding on September 29, 2010 with prejudice to re-filing a bankruptcy petition for five years and immediately terminated the automatic stay effective on that date. (Maryland Bankruptcy Court Docket No. 385). Thus, Plaintiff contends that when it commenced the Pennsylvania Action on October 1, 2010, it did so after the bankruptcy proceeding was dismissed on September 29, 2010. *Id*. The Maryland Bankruptcy Court has scheduled a hearing to address the various motions on June 14, 2011. (Maryland Bankruptcy Court Docket Nos. 387, 388).

      B.     *Pennsylvania Action*

Prior to the Maryland Bankruptcy Court entering its Order terminating the automatic stay, Plaintiff commenced the Pennsylvania Action against Defendant on October 1, 2010, *Zokaties Properties, LP v. La Mesa Racing, LLC*, Civil Case No. G.D. 10-018611. (Pennsylvania Action Docket No. 1). Plaintiff subsequently obtained a judgment against Defendant by default judgment in the Pennsylvania Action and had said judgment recorded in New Mexico, the location of Defendant's principal place of business. (Pennsylvania Action Docket No. 3). In response, Defendant filed a petition to open/strike the default judgment arguing that Plaintiff did not effectuate proper service in the Court of Common Pleas of Allegheny County. (Pennsylvania Action Docket No. 6). In an Order dated February 25, 2011, Judge O'Reilly ruled that service was adequate. (Pennsylvania Action Docket No. 11). That same day, Defendant filed its notice of removal to federal court. (Pennsylvania Action Docket No. 10).

Despite Defendant's decision to remove this case to federal court, on March 28, 2011 Defendant filed a "Precautionary Notice of Appeal" in the Superior Court of Pennsylvania in an effort to reserve its appeal rights in the event that this Court grants Plaintiff's Motion to Remand.

(Pennsylvania Action Docket No. 13). On April 25, 2011, the Superior Court of Pennsylvania issued an Order staying the appeal pursuant to the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362. (Pennsylvania Action Docket No. 15). The Superior Court's Order provided that:

> The parties shall be responsible for notifying this Court (1) that the stay pursuant to the Bankruptcy Code is no longer in effect due to the issuance of an order by the Bankruptcy Court either lifting the automatic stay or providing for severance of any parties, in which case this Court will proceed with the appeal, or (2) that the appeal has been rendered moot by conclusion of the bankruptcy proceedings.

*Id.* However, the Superior Court then lifted its stay of Defendant's appeal on May 5, 2011 upon receiving notice that the Maryland Bankruptcy Court had dismissed the bankruptcy proceeding and had lifted the automatic stay. (Pennsylvania Action Docket No. 16). Since lifting the stay, the Superior Court has not ruled on Defendant's appeal.

    C.    *Removal to the Western District of Pennsylvania*

Defendant removed the Pennsylvania Action to the Western District of Pennsylvania on February 25, 2011, the same date that Judge O'Reilly issued his Order finding proper service. (Docket No. 1). In response, Plaintiff filed a Motion to Remand to State Court and Motion for the Award of Costs and Attorney Fees. (Docket No. 13). The Court held a hearing on same on March 22, 2011. (Docket No. 17). At the hearing, the Court heard opening argument regarding Plaintiff's motion, (Docket No. 13), and received testimony of two witnesses, Frank Zokaites and Jeffrey Siskind. (Docket No. 17). The Court stated its need to review the transcript from the argument on proper service before Judge O'Reilly in the Pennsylvania Action held on February 22, 2011.[2] *Id.* Also, the Court granted Plaintiff leave to take depositions in support of its motion

4

to remand and permitted the parties to submit supplemental briefs to incorporate same. (Docket No. 18).

Subsequently, Plaintiff filed a Motion for Sanctions in the Nature of Default arguing that Defendant obstructed justice and caused intentional delay by asserting scheduling conflicts with the depositions which had been scheduled for April 8, 2011, three days later than instructed by this Court's Order. (Docket No. 19 at 7). This Court heard argument on Plaintiff's motion (Docket No. 19) on April 15, 2011 and has since denied Plaintiff's motion as the delay occurred because the parties did not confer regarding the date, time and place of the depositions. (Docket No. 34). Plaintiff has since informed the Court that it no longer desires to take these depositions. (Docket No. 42 at 2).

In addition, Plaintiff has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction under the doctrine of Rooker-Feldman. (Docket No. 22). Plaintiff's Motion to Remand and Motion to Dismiss for Lack of Subject Matter Jurisdiction are still pending before this Court. (Docket Nos. 13, 22).

**III. Legal Standard**

Federal Courts have inherent power to control their dockets. *See MEI, Inc. v. JCM American Corp.*, 2009 WL 3335866, at *4, Civ. Act. No. 09-351 (D.N.J. Oct. 15, 2009) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1937)); *see also Bechtel Corp. v. Local 215, Laborers' Int'l Union of North America*, 544 F.2d 1207, 1215 (3d Cir. 1976) (quoting *Landis*, 299 U.S. at 254) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for

---

2 Plaintiff's counsel informed the Court on April 15, 2011 that no Court reporter was present at said argument and therefore there is no transcript. (Docket No. 29).

itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance"). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Id.* (citing *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937)).

The Supreme Court's decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), provides the framework for analyzing when a federal court should stay an action. The court may stay a case under the "exceptional circumstances" test which does not rest on a mechanical checklist, but on a careful balance of the important factors as they apply in a given case. *Timoney v. Upper Merion Tp.*, 66 F.App'x. 403, 406 (3d Cir. 2003). The weight to be given any one factor may vary from case to case and no one factor is determinative. *Id.* In the Third Circuit, those factors which govern a district court's discretion in deciding whether to stay under *Colorado River* are:

(1) which court first assumed jurisdiction over property involved, if any;
(2) whether the federal forum is inconvenient;
(3) the desirability of avoiding piecemeal litigation;
(4) the order in which the respective courts obtained jurisdiction;
(5) whether federal or state law applies; and
(6) whether the state court proceeding would adequately protect the federal plaintiff's rights.

*See Timoney*, 66 F.App'x. at 406; *see also Estate of Menna v. St. Agnes Medical Center*, 1994 WL 585694, at *6, Civ. Act. No. 94-2424 (E.D. Pa. Sept. 22, 1994) (quoting *Trent v. Dial Med. of Florida, Inc.*, 33 F.3d 217, 225 (3d Cir. 1994)).

**IV.** **Discussion**

Plaintiff argues that the Court should proceed with its ruling on Plaintiff's motion for remand. (Docket No. 39 at 4). Specifically, Plaintiff contends that Defendant filed its motion in

the Maryland Bankruptcy Court out of desperation and that the automatic stay remains terminated. *Id*. Moreover, Plaintiff submits that it is evident that Defendant's motion lacks merit because the Maryland Bankruptcy Court scheduled the hearing regarding said motion on June 14, 2011, nearly three months after the motion was filed despite the fact that Defendant qualified its motion as an emergency. *Id*. Therefore, Plaintiff maintains that there is no bankruptcy proceeding and there is no automatic stay in place to prevent this Court from proceeding with its motion for remand.[3] *Id*. Plaintiff has provided no legal support for its position.

Defendant's Motion to Reopen currently pending in the Maryland Bankruptcy Court requests a determination of whether Plaintiff has violated the automatic stay. (Maryland Bankruptcy Court Docket No. 383). Defendant admits that the filing of the Motion to Reopen does not by itself reinstitute the stay under 11 U.S.C. § 362. (Docket No. 41 at 3-4). However, Defendant notes that if the Maryland Bankruptcy Court does decide to reopen a dismissed case, that court can issue a stay of pending litigation in state court and other forums pursuant to 11 U.S.C. § 105(a) to allow for orderly adjudication of issues in the bankruptcy court. *Id*. at 4 (citing *In re Crocker*, 362 B.R. 49 (B.A.P. 1st Cir. 2007). Further, Defendant insists that the Maryland Bankruptcy Court may take action that could obviate the need for this Court, the Superior Court of Pennsylvania and the New Mexico Court to take further action regarding the dispute between the parties. *Id*. at 4.

Given the Court's "sound discretion" to hold a lawsuit "in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues," the Court will stay

---

[3] Subsequently, Plaintiff submitted a supplement to its response noting that the Superior Court of Pennsylvania had lifted its stay of Defendant's appeal of Judge O'Reilly's Order. (Docket No. 40).

this action until the Maryland Bankruptcy Court and the Superior Court of Pennsylvania resolve the motions and appeals currently pending before them. *See MEI*, 2009 WL 3335866, at *4. In this Court's estimation, the extensive litigation[4] between the parties including the pending motions in the Maryland Bankruptcy Court and the pending appeal in the Superior Court of Pennsylvania satisfy the "exceptional circumstances" test and warrant a stay of the proceeding in this Court. *See Timoney*, 66 F.App'x. at 406.

The Maryland Bankruptcy Court first gained jurisdiction in 2007, over three years before the commencement of the Pennsylvania Action. *See Timoney*, 66 F.App'x. at 406. In addition, there is no reason to believe that the Maryland Bankruptcy Court and the Superior Court of Pennsylvania will not adequately protect the rights of the federal plaintiff in this case. *Id*. Allowing the Maryland Bankruptcy Court and the Superior Court of Pennsylvania to resolve the motions and appeals before them helps to avoid piecemeal litigation and prevents inconsistent decisions. *Id*. Indeed, the Maryland Bankruptcy Court's ruling may significantly affect the

---

[4] In addition to the litigation in this Court, the Maryland Bankruptcy Court and the Pennsylvania Action, Plaintiff filed suit against Defendant on December 21, 2010 in the Eighth Judicial District Court of Colfax County, New Mexico, Civil Action No. 10-371. (Docket No. 26 at 49). Plaintiff commenced said action to domesticate the default judgment that it secured in the Pennsylvania Action and to foreclose on Defendant's racing facility located in Raton, New Mexico. (Docket No. 26 at 49, 54). Given that the New Mexico proceeding involves similar parties and issues, Plaintiff scheduled depositions in New Mexico to further support its position that service in the Pennsylvania Action was proper and that the default judgment is effective. (Docket No. 19 at 5). These depositions were to be cross-noticed in this case. However, prior to the scheduling of the depositions, the parties clearly did not confer regarding the date, time and place of the deposition. Moreover, the subpoenas in New Mexico did not cross-reference this case. Subsequently, Plaintiff filed a Motion for Sanctions in the Nature of Default arguing that Defendant obstructed justice and caused intentional delay by asserting scheduling conflicts with the depositions which had been scheduled for April 8, 2011, three days later than instructed by this Court's Order. (Docket No. 19 at 7). This Court denied Plaintiff's motion and instructed the parties to properly cross-notice the depositions in New Mexico and to follow the rules of professionalism in these proceedings. (Docket No. 34 at 12). Plaintiff has since informed this Court that it no longer wishes to take said depositions. (Docket No. 42 at 2). To this Court's knowledge, depositions have not been taken in the New Mexico proceeding.

course of this case in that if said court grants Defendant's Motion to Reopen, the automatic stay may be reinstated pursuant to 11 U.S.C. § 105. At the hearing on Plaintiff's motion to remand on March 22, 2011, this Court received extensive testimony regarding the history and status of the bankruptcy proceeding. In fact, counsel for the Plaintiff represented that Plaintiff has spent over $80,000 in costs and fees in litigation, primarily through the bankruptcy action. (Docket No. 26 at 8). The Court noted at the hearing that it found it very troubling, and other judges, whether they be in the Common Pleas of Allegheny County, the Maryland Bankruptcy Court or in New Mexico, would find it equally troubling "that the two same parties are litigating what appears to be the same dispute in multiple jurisdictions, all of which have an impact on each of those courts' dockets, all of which cause clients to spend needless monies on attorney fees." (Docket No. 26 at 41). To avoid further waste of judicial resources, the Court will exercise its inherent discretion to stay this proceeding pending the litigation in another federal court, specifically, until the Maryland Bankruptcy Court rules on the motions before it. *See MEI*, 2009 WL 3335866, at *4 (citing *Rodgers v. United States Steel Corp.*, 508 F.2d 152, 162 (3d Cir. 1975).

Additionally, Plaintiff has continuously argued that *res judicata* should inform this Court's determination on whether to grant its motion to remand. (Docket No. 13). In response, Defendant has maintained that Judge O'Reilly's Order is ineffective, that service was not proper and that the default judgment entered against it in the Pennsylvania Action should be stricken. (Docket No. 14). Congress has long required "federal courts to give the same preclusive effect to state court judgments as would the courts of the state from which the judgments emerged." *Kovats v. Rutgers*, 749 F.2d 1041, 1045 (3d Cir. 1984). Pursuant to the full faith and credit statute, "judicial proceedings of any court of any State ... shall have the same full faith and credit

in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State." 28 U.S.C. § 1738. Consistent with the full faith and credit statute, claim and issue preclusion relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources and, by preventing inconsistent decisions, encourage reliance on adjudication. *Kovats*, 749 F.2d at 1046. Giving preclusive effect to a state court decision serves the policies of finality and judicial economy and also promotes comity between state and federal courts. *Id*. Because state rules of civil procedure apply to determine proper service in the Pennsylvania Action, this Court will not rule on Plaintiff's motion to remand prior to the Superior Court of Pennsylvania having an opportunity to determine if service was indeed proper as provided in Judge O'Reilly's Order in the Court of Common Pleas of Allegheny County. *See Kremer v. Chemical Construction Corp*., 456 U.S. 461, 478 (1982) ("Depriving state judgments [on state law issues] of finality ... would violate the basic tenets of comity and federalism.").

Pursuant to Federal Rule of Civil Procedure 1, rules governing all civil actions should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding. FED. R. CIV. P. 1. To that end, "it seems inconceivable to devote judicial resources and taxpayer money to entertaining a suit which may very well be precluded as soon as another court rules on the motions before it." *Estate of Menna*, 1994 WL 585694, at *7. Thus, for this reason and the others enumerated above, this Court will stay this proceeding to abide the outcome of the pending motions in the Maryland Bankruptcy Court and the appeal in the Superior Court of Pennsylvania.

V. **Conclusion**

Based on the foregoing, this case is STAYED until the Maryland Bankruptcy Court rules on the motions currently before it including: (1) Defendant's Motion to Reopen; (2) Plaintiff's

Motion to Dismiss Defendant's Motion to Reopen; and (3) Plaintiff's Motion to Strike Defendant's Motion to Reopen and the Superior Court of Pennsylvania rules on Defendant's pending appeal of Judge O'Reilly's Order finding proper service.  The parties are responsible for providing the Court with immediate notice of said rulings, by a joint written status report to be filed with the Court.  An appropriate Order follows.

                                        *s/ Nora Barry Fischer*
                                        Nora Barry Fischer
                                        United States District Judge


Date:   May 19, 2011
cc/ecf: All counsel of record.