# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZOKAITES PROPERTIES, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 11-259 |
| v. | ) Judge Nora Barry Fischer |
| | ) |
| LA MESA RACING, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

### I. Introduction

This matter comes before the Court on Plaintiff's Motion for Reconsideration Under the Rooker-Feldman Doctrine (Docket No. [48]) filed on May 26, 2011 wherein Plaintiff re-submits its argument set forth in its Motion to Dismiss for Lack of Subject Matter Jurisdiction Under the Rooker-Feldman Doctrine (Docket No. 22) and requests that this Court lift its current stay, effective May 19, 2011, and dismiss the case. (Docket No. 48). Defendant responded on June 6, 2011 and argued that Plaintiff's Motion for Reconsideration (Docket No. 48) should be denied because it provides no grounds for reconsideration. (Docket No. 49 at 2). The Court agrees.

On May 19, 2011, this Court issued an Order staying this case until the Maryland Bankruptcy Court rules on the motions currently before it including: (1) Defendant's Motion to Reopen; (2) Plaintiff's Motion to Dismiss Defendant's Motion to Reopen; and (3) Plaintiff's Motion to Strike Defendant's Motion to Reopen and (4) the Superior Court of Pennsylvania rules on Defendant's pending appeal of Judge O'Reilly's Order finding proper service. (Docket No. 47). In light of the stay, the Court denied Plaintiff's Motion to Remand and Motion for the Award of Costs and Attorney Fees (Docket No. 13) as well as Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction Under the Rooker-Feldman Doctrine (Docket No. 22),

1

without prejudice to their being renewed once the Maryland Bankruptcy Court and the Superior Court of Pennsylvania rule on the pending motions. *Id*. In the foregoing Memorandum Opinion, the Court discussed the factual background and procedural history of this case at length. (Docket No. 46). The Court incorporates said factual background and procedural history in this Order. *Id*. For the following reasons, Plaintiff's motion (Docket No. [48]) is DENIED.

**II.     Legal Standard**

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Kabacinski v. Bostrom Seating, Inc*., 98 F.Appx. 78, 81 (3d Cir. 2004) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). The standard that Plaintiff must meet to prevail on a motion for reconsideration is high. *Berry v. Jacobs IMC, LLC*, 99 F.Appx. 405, 410 (3d Cir. 2004). The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Banks*, 2008 WL 5429620, at *1, Crim. Act. No. 03-245 (W.D. Pa. Dec. 31, 2008) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

A party's mere disagreement with the Court does not translate into the type of clear error of law which justifies reconsideration of a ruling. *Miller v. Lamas*, 2011 WL 398408, at *1, Civ. Act. No. 10-51 (M.D. Pa. Feb. 2, 2011) (citing *Dodge v. Susquehanna Univ*., 796 F.Supp. 829, 830 (M.D. Pa. 1992)). Furthermore, "because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Id*. (quoting *Continental Casualty Co. v. Diversified Indus., Inc*., 884 F.Supp. 937, 943 (E.D. Pa. Mar. 27, 1995)). It is evident that a motion for reconsideration is not a tool to re-litigate and reargue

issues which have already been considered and disposed of by the Court. *Id.* (citing *Dodge*, 796 F.Supp. at 830). Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue. *Id.* (citing *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. Sept. 1, 1983).

### III. Discussion

In its motion, Plaintiff merely re-submits its argument set forth in its Motion to Dismiss for Lack of Subject Matter Jurisdiction Under the Doctrine of Rooker-Feldman (Docket No. 22); not new law. *Miller*, 2011 WL 398408, at *1. Specifically, Plaintiff argues that the Rooker-Feldman doctrine bars this court from adjudicating this matter because said doctrine prohibits district courts from determining whether a state court's decision is wrong, thus voiding the state court's ruling. (Docket No. 48 at 2). Plaintiff, relying on *Parkview Assoc. P'ship v. City of Lebanon*, 225 F.3d 321, 325 (3d Cir. 2000), contends that "a federal action is inextricably intertwined with a state adjudication, and thus barred in federal court under Feldman, '[w]here federal relief can only be predicated upon a conviction that the state court was wrong.'" (Docket No. 48 at 2). Plaintiff does not allege in its Motion for Reconsideration (Docket No. 48) that the controlling law has changed since the Court issued its stay of this case on May 19, 2011. *See Banks*, 2008 WL 5429620, at *1.

In addition, Plaintiff has not submitted any evidence that was unavailable at the time that the Court stayed this case until the Maryland Bankruptcy Court rules on the motions currently before it including: (1) Defendant's Motion to Reopen; (2) Plaintiff's Motion to Dismiss Defendant's Motion to Reopen; and (3) Plaintiff's Motion to Strike Defendant's Motion to Reopen and the Superior Court of Pennsylvania rules on Defendant's pending appeal of Judge

O'Reilly's Order finding proper service and denied Plaintiff's motion to dismiss (Docket No. 22), without prejudice. (Docket No. 47). Therefore, Plaintiff cannot use his Motion to Reconsider as a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court. *Miller*, 2011 WL 398408, at *1.

Finally, there is no manifest injustice that this Court needs to prevent at this time. As this Court provided in its Opinion in support of its Order staying this case, there is no reason to believe that the Maryland Bankruptcy Court and the Superior Court of Pennsylvania will not adequately protect the rights of the federal plaintiff in this case. (Docket No. 46 at 8). Allowing the Maryland Bankruptcy Court and the Superior Court of Pennsylvania to resolve the motions and appeals before them helps to avoid piecemeal litigation and prevents inconsistent decisions. *See Timoney v. Upper Merion Tp.*, 66 F.App'x. 403, 406 (3d Cir. 2003). Indeed, the Maryland Bankruptcy Court's ruling may significantly affect the course of this case in that if it grants Defendant's Motion to Reopen, the automatic stay may be reinstated pursuant to 11 U.S.C. § 105. Moreover, because state rules of civil procedure apply to determine proper service in the Pennsylvania Action, this Court will not rule on Plaintiff's motions prior to the Superior Court of Pennsylvania having an opportunity to determine if service was indeed proper as provided in Judge O'Reilly's Order in the Court of Common Pleas of Allegheny County. *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 478 (1982) ("Depriving state judgments [on state law issues] of finality ... would violate the basic tenets of comity and federalism."). Plaintiff is permitted to renew its motion (Docket No. 22) at the appropriate time once the Maryland Bankruptcy Court and the Superior Court of Pennsylvania rule on the pending motions. (Docket No. 47).

## IV. Conclusion

With Plaintiff having set forth insufficient basis for the Court to reconsider its ruling, the Court declines to do so. Accordingly, Plaintiff's Motion for Reconsideration Under the Rooker-Feldman Doctrine (Docket No. [48]) is DENIED, without prejudice to Plaintiff renewing its motion (Docket No. 22) once the Maryland Bankruptcy Court and the Superior Court of Pennsylvania rule on the pending motions. The previously ordered stay remains in place. (Docket No. 47).

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: June 9, 2011
cc/ecf: All counsel of record.