IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZOKAITES PROPERTIES, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-259 |
| | ) | Magistrate Judge Maureen P. Kelly |
| LA MESA RACING, LLC, | ) | |
| | ) | |
| Defendant. | ) | ECF No. 72 |

MEMORANDUM ORDER

**Kelly, Magistrate Judge**

Plaintiff, Zokaites Properties, LP ("Zokaites") initiated this action in the Court of Common Pleas of Allegheny County, Pennsylvania, on October 1, 2010, alleging that Defendant, La Mesa Racing, LLC ("La Mesa"), breached its contractual obligations under a promissory note that had been assigned to Zokaites. On November 5, 2010, Zokaites filed an affidavit of service in the Court of Common Pleas stating that a copy of its Complaint against La Mesa had been served by certified mail on October 25, 2010, on Butch Maki ("Maki"), La Mesa's registered agent. La Mesa failed to file a responsive pleading, and on November 30, 2010, Zokaites moved for a default judgment. On that same date, a Notice of Judgment by default was entered against La Mesa in the Court of Common Pleas.

On February 10, 2011, Zokaites sought to foreclose on property owned by La Mesa in New Mexico in order to satisfy the default judgment entered in Pennsylvania. On February 11, 2010, arguing that it had not received actual notice of the action until default judgment had already been entered, La Mesa responded to Zokaites foreclosure action by filing a petition to strike the default judgment in the Court of Common Pleas of Allegheny County and an alternative petition to open the default judgment. The Court of Common Pleas entered an order

1

denying La Mesa's petitions on February 25, 2011, and, on that same date, La Mesa removed the case to this Court.

The case has since followed a somewhat tortured procedural path which has included proceedings in state court and bankruptcy court and the recent adjudication by this Court on August 1, 2012, of a Motion to Dismiss and a Motion to Remand, ECF Nos. 13, 22, filed by Zokaites. ECF No. 70. Both Motions were denied. Id.

Of particular relevance is the Court's finding in denying the Motion to Remand that removal to this Court was timely because La Mesa had never been properly served with the Complaint. Id. at pp. 26, 28. Having found that the case was properly removed, the Court concluded that any actions taken by the parties henceforth must be accordance with the Federal Rules of Civil Procedure. Id. at p. 27. The Court also counseled La Mesa that it would not rule on the petitions to strike or open the default judgment that La Mesa had previously filed in the Court of Common Pleas,[1] and that "[i]f [La Mesa] wished to attack the default judgment entered by the Court of Common Pleas of Allegheny County, it must do so in a way that conforms to federal law." Id. at p. 28. As a result, La Mesa filed the instant Motion for Relief From Judgment By Default ("the Motion") on August 20, 2012, and on October 22, 2012, Zokaites filed a Brief in Opposition to the Motion. ECF Nos. 72, 80. A Reply and Sur Reply were filed on November 1, 2012, and November 14, 2012, respectively. ECF Nos. 85, 87. As such, the Motion is now ripe for review.

---

[1] Although the petitions had been denied by the Court of Common Pleas on February 25, 2011, the Superior Court of Pennsylvania subsequently found that, because the case had been removed to federal court, the Court of Common Pleas had been without jurisdiction to rule on La Mesa's petitions to strike and to open the default judgment. Consequently, in essence, the petitions were, and are, still pending.

2

**I.     DISCUSSION**

Relying on this Court's earlier finding that La Mesa was never properly served with process in this case, La Mesa argues that the default judgment entered against it in the Court of Common Pleas is void and should be stricken under Fed. R. Civ. P. 60(b)(4).

Rule 60(b) provides that: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (4) the judgment is void." Fed. R. Civ. P. 60(b)(4). "A judgment is void ... only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Union Switch & Signal Div. American Standard Inc. v. United Elec., Radio and Mach. Workers of America, Local 610, 900 F.2d 608, 612 n. 1 (3d Cir. 1990) (citations omitted).

It is well settled that "[p]roper service is an indispensable prerequisite to personal jurisdiction over a party." New York Pipeline Mechanical Contractors, LLC v. Sabema Plumbing & Heating, 2011 WL 2038766, at * 2 (D.N.J. May 24, 2011), *citing* Lampe v. Xouth, Inc., 952 F.2d 697, 700–01 (3d Cir. 1991). Thus, a "default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside." U.S. v. One Toshiba Color Television, 213 F.3d 147, 156 (3d Cir. 2000), *quoting* Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985).

Here, the Court has already found that effective service was not made in this case. See ECF No. 70, pp. 20-26. As such, the Court of Common Pleas was without jurisdiction over La Mesa when it entered default judgment against it, rendering the judgment void.

Notably, Zokaites does not dispute that effective process was not made in this case but, rather, argues that determining whether to open or strike a judgment is within the Court's

discretion.  Citing to a myriad of cases that have no authority within this Court's jurisdiction, Zokaites further argues that La Mesa's failure to plead in its Motion that it has a meritorious defense to the action and that the Motion was timely filed weighs against the Court exercising its discretion.  Zokaites takes particular issue with the timeliness requirement arguing that technical service is irrelevant and because Maki, as La Mesa's registered agent, was provided with *notice* of the lawsuit on October 1, 2010 (and fifteen times thereafter), that the delay in filing its petitions to strike and open the judgment until February 22, 2011, renders them untimely and counsels against striking the judgment.  Zokaites' argument, however, is misplaced.

As noted by the United States Court of Appeals for the Third Circuit, analysis of the factors promoted by Zokaites, is required "only when the default judgment was authorized and the only question before the district court is whether to exercise its discretion to set aside the default."  Gold Kist, Inc. v. Laurinburg Oil Co., Inc. 756 F.2d 14, 19 (3d Cir. 1985).  Where, however, the default judgment was improperly entered in the first instance, such as where service was never effectuated, it should be set aside as a matter of law.  Id.  See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1304 (3d Cir. 1995).  See U.S. v. Zotter, 2011 WL 1792533, at *2 (W.D. Pa. May 09, 2011) ("[a] default judgment entered when there has been no proper service of the complaint is improper and void, and will be set aside on that basis alone"); Grant Street Group, Inc. v. D & T Ventures, 2011 WL 778438, at *1 n.2 (W.D. Pa. Mar. 01, 2011) (finding that no further analysis is needed where the Court finds that process was never properly served); Mortgage Electronic Registration System, Inc. v. Patock, 2009 WL 1421295, at *2 (D. Virgin Islands May 20, 2009) ("if the Court finds that the default judgment was improperly entered, consideration of those three factors is unnecessary and the judgment should be set aside as a matter of law"); Newell v. Salta Int'l Inc. 2009 WL 2920265, at *3 (E.D. Pa. Sept. 10, 2009),

*quoting* On Track, Inc. v. Lakeside Warehouse & Trucking Inc., 245 F.R.D. 213, 215 (E.D. Pa. 2007) ("In spite of Rule 60(b)'s permissive 'may,' 'the law is settled that a court lacks discretion under clause (4): if jurisdiction is absent, the court must vacate the judgment as void'"); 11 Wright and Miller § 2862 ("[t]here is no question of discretion on the part of the court when a motion is under Rule 60(b)(4) . . . . Either a judgment is void or it is valid"). See also Jordon v. Gilligan, 500 F.2d 701, 704 (6th Cir. 1974) ("[a] void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside."); Fafel v. Dipaola, 399 F.3d 403, 409-10 (1st Cir. 2005) ("a court deciding a motion brought under Rule 60(b)(4) has no discretion because a judgment is either void or it is not") (internal quotations and citations omitted).

In this manner, United Student Aid Funds, Inc. v. Espinosa, ___ U.S. ___, 130 S. Ct. 1367 (2010), upon which Zokaites relies is easily distinguishable. In that case, Espinosa, who had defaulted on his government-sponsored student loan, proposed a repayment plan whereby he would be responsible for repaying the principal on his debt and that the interest would be discharged at such time as the principal was repaid. The United States Bankruptcy Court for the District of Arizona confirmed Espinosa's proposed repayment plan without first making a finding of "undue hardship" in an adversarial proceeding as is required under the Fed. R. Bkrtcy. P. 7001(6). After the principal was paid and the interest was discharged, the Department of Education ("the Department") attempted to collect the interest. To that end, the Department filed a motion pursuant to Fed. R. Civ. P. 60(b)(4) arguing that the confirmation was void because, *inter alia*, its due process rights were violated when the repayment plan was confirmed without an adversarial proceeding being held.

The United States Supreme Court rejected the Department's argument finding that "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 1377. Jurisdictional error was not at issue; rather the case turned on whether the Bankruptcy Court violated the Department's due process rights by confirming Espinosa's repayment plan despite Espinosa's failure to serve a summons and complaint in order to commence the requisite adversarial proceeding. Finding that due process "requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,'" and that the Department had received actual notice of the filing and contents of Espinosa's plan, the Court concluded that the Department's due process rights were "more than satisfied" and that Espinosa's failure to serve a summons and complaint did not entitle the Department to relief under Rule 60(b)(4).[2] Id. at 1378, *quoting* Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

In the instant case, unlike in Espinosa, La Mesa has moved for relief from judgment because of a jurisdictional error, *i.e.*, that failure to effect service deprived the Court of Common Pleas of personal jurisdiction over La Mesa. Under our jurisprudence, the absence of jurisdiction renders the default judgment void regardless of whether or not Mr. Maki had notice that this lawsuit had been filed. Gold Kist, Inc. v. Laurinburg Oil Co., Inc. 756 F.2d at 19. As such, the

---

[2] The record established not only that the Department received notice and a copy of Espinosa's repayment plan but that the Department filed a proof of claim for $17,832.15 in response. As well, the Department did not object to the plan's proposed discharge of Espinosa's student loan interest without a determination of undue hardship, nor did it object to Espinosa's failure to initiate an adversary proceeding to determine the dischargeability of that debt. Moreover, after the bankruptcy court confirmed Espinosa's plan, the Chapter 13 trustee mailed the Department a form notice stating that "[t]he amount of the claim filed differs from the amount listed for payment in the plan" and that "[y]our claim will be paid as listed in the plan." The form also apprised the Department that if it "wishe[d] to dispute the above stated treatment of the claim," it had the "responsibility" to notify the trustee within 30 days. The Department did not respond to that notice. Id. at 1347.

relief La Mesa seeks under Rule 60(b)(4) is properly granted and the default judgment entered in the Court of Common Pleas is properly stricken.[3]

Having determined that relief from judgment is warranted, Zokaites alternatively asks the Court to issue an order requiring La Mesa to file a bond. Although the Court is sympathetic to Zokaites' situation, requiring La Mesa to post a bond is not appropriate under the circumstances of this case.

Indeed, the only case Zokaites cites to support its request for bond is Knox v. The Palestinian Liberation Organization, 248 F.R.D. 420 (S.D.N.Y. 2008), in which relief from the entry of default was granted under Rule 60(b)(6) and not 60(b)(4).[4] Providing relief under Rule 60(b)(6), where the parties have been served with process, is discretionary and requires the Court to balance certain equitable considerations to see that justice is served. Knox, 248 F.R.D. at 425.

As previously discussed, however, relief under Rule 60(b)(4), which is at issue here, is not discretionary. Rather, the Court is required to vacate the judgment as void *ab initio* because it was entered against a defendant who had not been served. See Mortgage Electronic Registration System, Inc. v. Patock, 2009 WL 1421295, at *6 (D. Virgin Islands May 20, 2009). As the District Court for the District of the Virgin Islands has succinctly observed:

> the Court [is not] aware of, any case in which the United States Court of Appeals for the Third Circuit or any other appellate court has approved the imposition of [posting bond and paying attorneys' fees and costs] where a default judgment was vacated as a matter of law for lack of service of process. Rather, the Third Circuit and other courts of appeals have approved such conditions in cases involving discretionary vacaturs, where the

---

[3] Although Zokaites has suggested that the Court exercise its discretion and merely "open" the judgment, rather than strike it, opening a judgment is a concept under Pennsylvania law. See In re Knapper, 407 F.3d 573, 579 n. 11 (3d Cir. 2005). La Mesa, however, is not seeking relief from judgment under Pennsylvania law but is challenging the state court judgment in federal court based on federal law. Moreover, even under Pennsylvania law, striking a judgment -- which is the relief sought by La Mesa in this case -- is the appropriate remedy where proper service has not been made and the Court is without discretion. Id.

[4] Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason that justifies relief."

defendants failed to defend lawsuits despite being properly served with process.  *See, e.g., Hritz [v. Woma Corp.]*, 732 F.2d 1178; *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653 (3d Cir.1982); *Wokan [v. Alladin Intern., Inc.]*, 485 F.2d 1232; *see also Powerserve Intern., Inc.[v. Lavi]*, 239 F.3d [508,] 515 [(2nd Cir. 2001)](explaining that conditions may be imposed "in determining whether to exercise *its discretion* to set aside a default") (emphasis added).

The Third Circuit has implicitly suggested that it may be inappropriate to impose conditions to setting aside a default judgment for lack of service of process.  In *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476 (3d Cir.1993), default was entered against the defendants. The defendants thereafter entered the action and moved to set aside the entry of default, arguing that they had not been served with process. The district court found that the defendants had been properly served and conditionally entered default judgment against them. The court stated that the default would be lifted if the defendants satisfied certain conditions, including paying attorneys' fees and costs and posting a total of $300,000. The defendants failed to comply with the conditions and the default was confirmed. On appeal, the Third Circuit found that the defendants had not been properly served with the complaint and summons. *Id.* at 493. In a footnote, the court stated that in light of its finding that service was improper, there was no need to consider the validity of specific conditions the trial court imposed on vacating the default. *Id.* at 493 n. 17. Rather, it simply reversed and remanded the matter to the district court with instructions to vacate the default judgment, without imposing any conditions on the vacatur. *Id.* at 493.

Mortgage Electronic Registration System, Inc. v. Patock, 2009 WL 1421295, at *5 (footnotes omitted).   This Court finds the Court's reasoning in Patock persuasive and therefore declines to condition vacating the judgment entered against La Mesa in state court on its posting a bond.

Accordingly, the following Order is therefore entered:

AND NOW, this 3rd day of December, 2012, IT IS HEREBY ORDERED that the Motion for Relief From Judgment By Default filed by La Mesa, ECF No. 72, is GRANTED, and the default judgment issued by the Court of Common Pleas of Allegheny County, Pennsylvania, on November 30, 2010, is hereby stricken.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Date: 3 December, 2012

cc:     All counsel of record via CM/ECF