IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZOKAITES PROPERTIES, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11-259 |
| | ) Magistrate Judge Maureen P. Kelly |
| LA MESA RACING, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF DECISION

### I.  INTRODUCTION

Plaintiff, Zokaites Properties, LP ("Zokaites Properties") brought this action against Defendant, La Mesa Racing, LLC ("La Mesa"), alleging that La Mesa breached its contractual obligations under a promissory note that had been executed on March 20, 2002, and assigned to Zokaites Properties.

Prior to the commencement of this case, La Mesa filed a petition for bankruptcy relief in the United States Bankruptcy Court for the District of Maryland. Zokaites Properties filed an original proof of claim -- the same claim at issue in this case -- in La Mesa's bankruptcy case. Hearings were held before United States Bankruptcy Judge Nancy V. Alquist on April 21, 2010, July 19, 2010, September 13, 2010 and September 14, 2010. With the express consent of all parties in attendance at the bankruptcy hearing, Judge Alquist signed an order dated October 1, 2010, dismissing the bankruptcy petition, which effectively terminated the automatic stay that had been imposed on claims against La Mesa pursuant to 11 U.S.C. § 362(a).[1] Zokaites Properties consequently initiated this action on October 1, 2010, by filing a Complaint in the

---

[1] Although Judge Alquist's order was signed on October 1, 2010, it was not entered on the Bankruptcy Court's docket until October 4, 2010. [ECF No. 11, pp. 103-40].

Court of Common Pleas of Allegheny County, Pennsylvania. La Mesa removed the case to this Court on February 25, 2011. Zokaites Properties brings a single claim against La Mesa for breach of contract.

Following the adjudication of various motions, the parties agreed to submit the case for a non-jury trial based on the transcript and exhibits from the hearing before Bankruptcy Judge Alquist and any additional evidence the parties wished to submit. The non-jury trial was held before the undersigned in December 14, 2012, at which time Zokaites Properties called Frank Zokaites ("Zokaites") and Jeffrey Siskind to testify. La Mesa did not present any additional testimony but rested on the transcripts of the bankruptcy proceedings before Judge Alquist. Counsel for both parties made detailed arguments to the Court based on the bankruptcy record.

## II.   FINDINGS OF FACT

La Mesa is a New Mexico Limited Liability Company formed in October 1998 for the purpose of purchasing approximately 213 acres of property located in Raton, New Mexico, that contains a non-operating horse racetrack. [ECF No. 95, p. 22; ECF No. 97, p. 82; ECF No. 97-1, p. 99]. The original members of La Mesa were Stephen Vincent and William Siskind ("Siskind"). [ECF No. 98, p. 19]. The value of the racetrack is derived from the possibility of the racetrack obtaining a license for exclusive gaming to build a casino. [ECF No. 118, pp. 96, 102].

A mechanic's lien was filed against the property by Structures Plus, an architect, in the amount of $108,500.00. [ECF No. 95, pp. 23-24, 53]. In an effort to prevent Structures Plus from foreclosing on the property, Siskind and his son, Jeffrey Siskind, approached Zokaites regarding a loan. [ECF No. 95, p. 55; ECF No. 95-1, pp. 28-56; ECF No. 118, p. 28]. Zokaites, who had known both Siskind and Jeffrey Siskind for over ten years had had made multiple loans

2

to both of them over the years, agreed to make a loan to Siskind in the amount of $151,550.00. [ECF No. 95, p. 22; ECF No. 118, pp. 27, 62]. Approximately $108,000.00 was to be used to pay the Structures Plus mechanic's lien that was filed against the La Mesa property, and $18,000.00 and $25,000.00 was to be used for an appraisal and a marketing study -- all of which were to benefit La Mesa. [ECF No. 95, pp. 24, 54-55; ECF No. 118, pp. 28, 61-62]. As a condition of the loan, Zokaites required that certain documents be executed. [ECF No. 95, pp. 24-25, 27-28, 54; ECF No. 118, p. 47]. Those documents are as follows:

1. **Promissory Note**

Siskind, as borrower, entered into a promissory note on March 20, 2002, with Zokaites, as lender, for the sum of $151,500.00 ("the Siskind Note"). [ECF No. 95, pp. 24, 27; ECF No. 95-1, pp. 10-12; ECF No. 118, p. 28]. The Siskind Note constituted Siskind's personal guarantee and was the instrument that funded the loan. [ECF No. 95, p. 24; ECF No. 118, p. 30]. The original Siskind Note was erroneously dated March 20, 2001, and on August 15, 2002, a second note was issued reflecting the correct date that the Siskind Note was signed -- March 20, 2002. [ECF No. 95, p. 27; ECF No. 95-1, pp. 10-12; ECF No. 118, p. 31].

2. **Guarantee**

Zokaites also required a guarantee from La Mesa because it was receiving the benefit of the loan. [ECF No. 95, pp. 24-25, 55; ECF No. 118, p. 29]. Zokaites prepared the guarantee ("the La Mesa Guarantee"), and sent it to Siskind. Siskind was authorized under La Mesa's Articles of Incorporation to act on behalf of La Mesa and executed the guarantee on La Mesa's behalf in March of 2002. [ECF No. 95, pp. 25, 55; ECF No. 95-1, p. 13; ECF No. 97, pp. 130-31; ECF No. 118, pp. 29, 32, 71, 98-99].

### 3. Collateral Agreement

At Zokaites' insistence, Zokaites and Siskind also entered into a Collateral Agreement on March 20, 2002, as part of the loan package. [ECF No. 95-1, p. 17; ECF No. 118, pp. 28-29, 33-34]. Under the terms of the Collateral Agreement, Siskind agreed to give Zokaites 2% interest in La Mesa as additional consideration for the Siskind Note. Id.

### 4. Indemnity Mortgage

Siskind's wife, Judith, and their two children, Jeffrey Siskind and Wendy S. Buckingham, were the beneficiaries of the Enterprise Trust which owned a company called Transamerican Commercial, LTD ("TCL"). [ECF No. 95, p. 29; ECF No. 118, pp. 40, 88]. TCL owned, in part, a building in Baltimore, Maryland, known as the Jefferson Building. [ECF No. 95, pp. 25, 97; ECF No. 118, pp. 29, 39-40, 88]. As part of the loan package, Zokaites also obtained an indemnity mortgage on the Jefferson Building from Siskind. [ECF No. 95, pp. 25, 99; ECF No. 95-1, pp. 154-57; ECF No. 118, p. 35]. Although the mortgage is dated March 3, 2002, it specifically references the March 20, 2002 Siskind Note. [ECF No. 95, pp. 25, 100; ECF No. 95-1, pp. 154-57; ECF No. 118, pp. 35, 57-58].

After obtaining all of these assurances, Zokaites financed the loan to Siskind and wired $151,550.00 to an account called Casino del Caribe in Baltimore, Maryland at Siskind's direction. La Mesa received and made use of the wired funds. Specifically, Siskind wired $108,500.00 to an attorney in New Mexico to satisfy the mechanics lien that had been filed against La Mesa's property. [ECF No. 95, pp. 30, 36-37, 40-43; ECF No. 95-1, pp. 19-27; ECF No. 118, pp. 60-62, 65, 68]. The balance of the Zokaites loan proceeds paid for an appraisal and marketing services for La Mesa. [ECF No. 95, pp. 54-55; ECF No. 118, pp. 28, 61-62].

4

Approximately seven months later, Siskind filed for personal bankruptcy in October of 2002, and subsequently sent Zokaites another promissory note that was virtually identical to the Siskind Note, including being dated March 20, 2002, except that TCL was substituted as the "Borrower" ("the TCL Note"). [ECF No. 95, pp. 87, 97-98; ECF No. 95-1, pp. 136-138; ECF No. 97-1, p. 129: ECF No. 118, pp. 37-38, 56]. Siskind also sent Zokaites another indemnity mortgage, dated December 2, 2002, which refers to the TCL Note rather than the Siskind Note. [ECF No. 95, p. 25; ECF No. 95-1, pp. 146-152; 118, pp. 35-38]. The latter mortgage, however, is the only one that Siskind recorded. It is undisputed that Siskind did not make any payments on either the Siskind Note or the TCL Note. [ECF No. 95, pp. 27-28, 90, 100; ECF No. 118, pp. 156-57].

On June 25, 2004, at the request of Jeffrey Siskind who was acting on behalf of his father, Zokaites, as the Note holder and lender, agreed to extend the initial term of the Siskind Note for an additional two years and to allow the payments and interest to accrue rather than making monthly payments. La Mesa was aware of, and consented to, the extension by virtue of the fact that Jeffrey Siskind was an officer of La Mesa. [ECF No. 95, pp. 31-32, 91-93; ECF No. 95-1, p. 140].

Zokaites purchased a 50% interest in the Jefferson Building from TCL in 2002, and purchased the remaining 50% interest held by TCL in 2004. During the latter transaction, Zokaites reduced the purchase price of the building by the amount outstanding on the indemnity mortgage thereby releasing the lien against the Jefferson Building and effectively satisfying the loan he made to Siskind. [ECF No. 95, pp. 25-26, 32; ECF No. 118, pp. 39-40, 60]. Accordingly, Zokaites marked both the Siskind Note and the TCL Note "paid in full" and mailed

them to Jeffrey Siskind. [ECF No. 95, p. 33; ECF No. 95-1, pp. 10, 136, 161; ECF No. 118, p. 41].

Jeffrey Siskind subsequently called Zokaites and told him that the Note was not voided but was now held by TCL because TCL had paid the loan on behalf of La Mesa. [ECF No. 95, pp. 33, 56; ECF No. 118, pp. 41, 44, 89]. Jeffrey Siskind sent Zokaites a letter dated October 6, 2004, memorializing the conversation along with an assignment that he asked Zokaites to sign. [ECF No. 95, pp. 25-26, 56; ECF No. 95-1, p.15; ECF No. 118, p. 39]. Zokaites executed the assignment on October 9, 2004, thereby assigning his interest in the Siskind Note to TCL. Zokaites also scratched out the "paid in full" notation on the Siskind Note and returned the documents to Jeffrey Siskind. [ECF No. 95, p. 33; ECF No. 95-1, p. 10; ECF No. 118, pp. 42, 44]. On April 11, 2005, Zokaites executed a Release of Mortgage indicating that indemnity mortgage on the Jefferson Building had been satisfied. [ECF No. 95-1, p. 159].

Zokaites therefore did not receive payment on the Siskind Note from either Siskind or La Mesa, but received payment from TCL arising out of the indemnity mortgage. [ECF No. 95, pp. 27-28, 90; ECF No. 118, pp. 39-40].

In mid-2009, Jeffrey Siskind sought financial assistance from Zokaites on TCL's behalf in order to pursue collection of the Siskind Note from La Mesa, which had filed a petition for bankruptcy in July of 2007. [ECF No. 118, pp. 46-47]. Rather than executing a loan, Zokaites had TCL assign the Siskind Note to Zokaites Properties with the promise that Zokaites Properties would prosecute the Note and divide the proceeds amongst the parties. [ECF No. 95, 28-29, 56-57; ECF No. 95-1, p. 8; ECF No. 118, p. 47]. The Assignment was executed on October 12, 2009, by Judith Siskind, Jeffrey Siskind, and Wendy S. Buckingham, thereby conveying the interest in the Siskind Note to Zokaites Properties. On December 21, 2009, Zokaites Properties

6

filed a proof of claim in La Mesa's bankruptcy proceeding in the United States Bankruptcy Court for the District of Maryland. [ECF No. 95-1, pp. 5-13].

In considering the transcripts and exhibits from the bankruptcy proceeding and the testimony and evidence presented and argue at trial, this Court finds that this case, as recognized by counsel for Zokaites in his argument, essentially boils down to a credibility determination. This Court finds that the testimony of Zokaites and Jeffrey Siskind and the additional evidence offered by Zokaites substantially more credible than the evidence proffered by La Mesa. At trial, La Mesa raised a number of defenses to the claim of Zokaites Properties. This Court finds that the defenses were not supported by the evidence of record, lacked merit or were not relevant to the claim at issue.

### III. CONCLUSIONS OF LAW

"To successfully maintain a cause of action for breach of contract the plaintiff must establish: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." Albert v. Erie Ins. Exchange, ___ A.3d ___, 2013 WL 1139207 at *3 (Pa. Super. Mar. 20, 2013), *quoting* McShea v. City of Philadelphia, 995 A.2d 334, 340 (Pa. 2010). See Ware v. Rodale Press, Inc., 322 F.3d 218, 226 (3d Cir. 2003).

In the matter at issue, Siskind executed the Siskind Note, which set forth the essential terms of the $151,550.00 loan made to him by Zokaites, on March 20, 2002. As part of that same loan package, Siskind, with full authority under La Mesa's Articles of Incorporation, signed a Guarantee on La Mesa's behalf fully guaranteeing the Siskind Note. It is noted that Siskind never denied that he signed the Guarantee. Accordingly, La Mesa, which had received the benefit of the loan made by Zokaites to Siskind, was contractually bound by the Guarantee.

7

Zokaites subsequently assigned the Siskind Note to TCL, which had reimbursed Zokaites for the loan he made to Siskind by deducting the amount of the loan from the purchase price of the Jefferson Building. The assignment of the Siskind Note to TCL, however, did not relieve La Mesa, which had received the benefit of the loan, of its obligation under the Guarantee in which it agreed to guarantee the Siskind Note. Rather, the obligation to guarantee the Siskind Note was owed to TCL when it became the holder of the Siskind Note.

It is undisputed that no payments were made to Zokaites by either Siskind or TCL under the terms of the Siskind Note or the TCL Note. As such, La Mesa was obligated under the Guarantee to repay Siskind's debt -- a debt it listed in its petition for bankruptcy filed on July 31, 2007. Because Zokaites Properties purchased TCL's rights under the Siskind Note on October 12, 2009, La Mesa's obligation under the Guarantee reverted to Zokaites Properties. No payments have been made by La Mesa to Zokaites or Zokaites Properties. La Mesa, therefore, is in breach of its duty imposed under the Guarantee.

As a result of La Mesa's breach, Zokaites Properties is owed the principal sum of $151,550.00 as well as interest and fees under the terms of the Siskind Note which it holds and which La Mesa guaranteed.[2] La Mesa therefore is liable to Zokaites Properties for breach of contract.

## IV. CONCLUSION

Having found that La Mesa is in breach of contract, judgment is properly entered in favor of Zokaites Properties and against La Mesa in an amount of $151,550.00 plus interest, attorneys' fees and costs in accordance with the terms of the Siskind Note.

---

[2] The parties agree that the Siskind Note provides for an 8% interest rate until March 20, 2004, and 9% interest rate thereafter. ECF No. 118, p. 148.

Accordingly, the following order is entered:

AND NOW, this 2nd day of May, 2013, on or before May 16, 2013, the parties are to submit a joint statement of interest in accordance with the terms of the Siskind Note, *i.e.* the principle sum of $151,550.00 plus 8% interest from March 20, 2002 until March 20, 2004, and 9% interest rate from March 21, 2004 to date. Zokaites Properties may submit a petition for attorneys' fees and costs as provided for in the Siskind Note by May 20, 2013. Any response in opposition to the petition for attorneys' fees must be filed by May 28, 2013.

BY THE COURT,

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF